## Marie R. Rice, Appellee, v. Warner Hotel Company, Appellant.

### Gen. No. 19,339.     (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, ·Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed June 15, 1914.

### Statement of the Case.

Action by Marie R. Rice against Warner Hotel Company, a corporation, to recover for personal injuries sustained by plaintiff through defendant's negligence in failing to use reasonable care to keep a window in a reasonably safe condition. To reverse a judgment in favor of plaintiff for four thousand five hundred dollars, defendant appeals.

CALHOUN, LYFORD & SHEEAN, for appellant; EDWARD W. RAWLINS, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; EDWARD W. EVERETT, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1502*—*when improper questions asked of jurors on voir dire reversible error.* In an action for personal injuries sustained by reason of the unsafe condition of a window, during the examination of the jury plaintiff's counsel asked a juror: "Do you know anyone connected with the Aetna Insurance Company?" and asked three other jurors: "Do you carry casualty insurance?" The questions were objected to as indicating and suggesting to the jury that the defendant was insured against liability by the insurance company and that the defense was conducted by it,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and the objections were sustained, but a motion by defendant's counsel to withdraw a juror and continue the case on the ground that the error was not cured merely by sustaining the objections were overruled. *Held* that the action of the court in overruling defendant's motion was reversible error, that the fact that the court sustained objections to the questions indicated that the court did consider the examination as made for the purpose of enabling counsel to exercise the right of peremptory challenge and that the harm was done when the improper questions were asked.

2. APPEAL AND ERROR, § 1474*—*when permitting expert testimony reversible error.* In an action for personal injuries alleged to have resulted from the defective condition of a window, permitting experts to testify as to the effect upon a window pane of permitting the glass to become loose, *held* reversible error, as giving undue weight to plaintiff's testimony.